Magistrate Judge David W. Christel

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DEREL GABELEIN,

Defendant.

NO. MJ25-5301-DWC

PRELIMINARY HEARING
MEMORANDUM

The United States submits this memorandum to assist the Court in conducting the anticipated preliminary hearing in this matter, by providing an overview of the case law governing preliminary hearings, including the probable cause standard, evidentiary matters, and disclosures.

## I.    INTRODUCTION

On August 4, 2025, defendant DEREL GABELEIN was arrested pursuant to probable cause, and on the same date was charged by criminal complaint with Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), and Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (CR 1 (Complaint), 2.) GABELEIN made his

Preliminary Hearing Brief - 1
*United States v. Gabelein,* MJ25-5301-DWC

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

initial appearance the same day. (CR 4.) A preliminary hearing was scheduled for August 18, 2025, to determine if the charges are supported by probable cause.

## II.  PURPOSE OF PRELIMINARY HEARING

At a preliminary hearing, the court's sole task is to determine whether there is "probable cause to believe an offense has been committed and the defendant committed it." Fed. R. Crim. P. 5.1(e). In other words, "the purpose of a preliminary hearing . . . is to require the government to show probable cause to hold a suspect pending trial." *Hooker v. Klein*, 573 F.2d 1360, 1367 n.7 (9th Cir. 1978). Courts routinely apply this same probable cause standard when reviewing complaints and search warrants. Probable cause requires "knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007); *see also Coleman v. Burnett*, 477 F.2d 1187, 1202 (D.C. Cir. 1973) ("Probable cause signifies evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt."); *United States v. Bishop*, 264 F.3d 919, 924 (9th Cir. 2001) ("Probable cause exists when there is a fair probability or substantial chance of criminal activity."). "[C]onclusive evidence of guilt is of course not necessary . . . to establish probable cause," *Lopez*, 482 F.3d at 1072, which means "[f]inely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence . . . have no place in the probable-cause decision. . . . All we have required is the kind of 'fair probability' on which 'reasonable and prudent people, not legal technicians, act.'" *Florida v. Harris*, 133 S. Ct. 1050, 1055 (2013) (citations omitted).

In evaluating probable cause, courts consider the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Under this standard, courts must consider "the whole picture," rather than viewing individual facts "in isolation." *District of Columbia v. Wesby*, 138 S. Ct. 577, 588 (2018). Accordingly, "[i]t is not uncommon for

Preliminary Hearing Brief - 2
*United States v. Gabelein,* MJ25-5301-DWC

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

seemingly innocent conduct to provide the basis for probable cause." *United States v. Rodriguez*, 869 F.2d 479, 483 (9th Cir. 1989); *see also United States v. Gil*, 58 F.3d 1414, 1418 (9th Cir. 1995) ("[O]bservations of conduct consistent with drug trafficking, even though apparently innocuous, can give rise to probable cause."). A magistrate judge presiding over a preliminary hearing can "legitimately find probable cause while personally entertaining some reservations." *Coleman*, 477 F.2d at 1202.

Inquiries about potential affirmative defenses are not relevant to the probable cause determination. *Broam v. Bogan*, 320 F.3d 1023, 1023 (9th Cir. 2003) (once probable cause established, an officer need not investigate further to look for evidence that may exculpate the accused "whether the claim is based on mistaken identity or a defense such as lack of requisite intent") (quoting *Baker v. McCollan*, 443 U.S. 137, 145-56 (1979)). Nor does the probable cause inquiry permit courts to question the thoroughness of an investigation that might have provided more than the minimal "fair probability" threshold—even where further investigation may uncover "potentially dispositive" evidence. *United States v. Goude*, 440 F.3d 1065, 1073 & n.5 (9th Cir. 2005) (en banc) ("the benchmark is not what the FBI 'could have' done") (citing *United States v. Miller*, 753 F.2d 1475, 1481 (9th Cir. 1985) (probable cause exists even though officers failed to take "simple steps" which could have independently verified facts)). Once probable cause is established, there is simply no requirement that officers "continue to investigate or seek further corroboration." *Ewing v. City of Stockton*, 588 F.3d 1218, 1227 (9th Cir. 2009).

## III.   EVIDENTIARY MATTERS

### A.   The Federal Rules of Evidence do not Apply

The Federal Rules of Evidence "do not apply to . . . a preliminary examination in a criminal case." Fed. R. Evid. 1101(d)(3). The only exception is that the rules on privilege still apply. Fed. R. Evid. 1101(c). As described below, the evidence that may be

//

Preliminary Hearing Brief - 3
*United States v. Gabelein,* MJ25-5301-DWC

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

presented at preliminary hearings differs in important respects from the typical rules of evidence.

**B.     Hearsay is Admissible**

Because the normal rules of evidence do not apply, hearsay is admissible at preliminary hearings. *See, e.g., Santos v. Thomas*, 830 F.3d 987, 991 (9th Cir. 2016) ("In probable cause hearings under American law, the evidence taken need not meet the standards for admissibility at trial. Indeed, at a preliminary hearing in federal court a finding of probable cause may be based upon hearsay in whole or in part.") (internal quotation marks omitted); *Peterson v. California*, 604 F.3d 1166, 1171 n.4 (9th Cir. 2010) (the Fourth Amendment permits a determination of probable cause at a preliminary hearing based on hearsay testimony). This concept has deep roots. Rule 5.1, the rule governing preliminary hearings, previously contained an explicit statement that "[t]he finding of probable cause may be based upon hearsay evidence in whole or in part." The Advisory Committee omitted that language in the 2002 amendments, deeming it unnecessary because federal law had become clear that it is appropriate to rely on hearsay at the preliminary hearing and the Federal Rules of Evidence explicitly state that they do not apply at this stage. Fed. R. Crim. P. 5.1 Advisory Committee Notes on 2002 Amendments; Fed. R. Evid. 1101. Presentation of hearsay at a preliminary hearing also poses no Confrontation Clause problem, because the Confrontation Clause is a trial right. *Peterson*, 604 F.3d at 1169-70.

**C.     Suppression Arguments are Premature**

At a preliminary hearing, the defendant "may not object to evidence on the ground that it was unlawfully acquired." Fed. R. Crim. P. 5.1(e). Thus, a defendant may not raise arguments that evidence should be suppressed. *See, e.g., Giordenello v. United States*, 357 U.S. 480, 484 (1958); *United States v. Olender*, No. 00-CR-80141-DT, 2000 WL 977295, at *3 (E.D. Mich. May 26, 2000).

//

Preliminary Hearing Brief - 4
*United States v. Gabelein,* MJ25-5301-DWC

**D.      Cross-Examination is Limited**

Because the only purpose of the preliminary hearing is to determine probable cause, the scope of cross-examination of government witnesses is limited. "Cross-examination at a preliminary hearing, like the hearing itself, is confined by the principle that a probe into probable cause is the end and aim of the proceeding[.]" *Coleman*, 477 F.2d at 1201. Defense counsel may not use cross-examination to go "on an impermissible quest for discovery." *Id*. For example, the Fifth Circuit upheld a magistrate judge's decision to prevent cross-examination about the identity of an informant. *United States v. Hart*, 526 F.2d 344, 344 (5th Cir. 1976). Indeed, informant identity is generally privileged, *Roviaro v. United States*, 353 U.S. 53, 59 (1957), and any such disclosure would be particularly inappropriate at this preliminary stage. *McCray v. Illinois*, 386 U.S. 300, 311 (1967) (upholding state's refusal to compel police officers to divulge informant's identity at preliminary hearing, noting, "we have repeatedly made clear that federal officers need not disclose an informer's identity in applying for an arrest or search warrant").

Likewise, cross-examination questions directed to potential suppression arguments would be outside the scope of the preliminary hearing. In addition to the special limitations for preliminary hearings, "cross-examination is properly to be limited at preliminary hearing, as at trial, to the scope of the witness'[s] direct examination." *Coleman*, 477 F.2d at 1201.

**E.      Defense Subpoenas are Limited**

The defendant is entitled to subpoena witnesses "whose testimony promises appreciable assistance on the issue of probable cause," unless there is "good cause for not requiring [the witness's] presence." *Id.* at 1205. Good cause for not requiring a witness's presence may include "physiological or psychological reasons" that make appearance unreasonable. *United States v. King*, 482 F.2d 768, 773 (D.C. Cir. 1973). Subpoenas must comply with Rule 17, including the requirement that the defense obtain a court order for

any subpoena requiring production of personal or confidential information about a victim and that the court give the victim an opportunity to move to quash the subpoena. Fed. R. Crim. P. 17. Subpoenas may not seek privileged information. *See* Fed. R. Evid. 1101(c), (providing that rules on privilege apply to preliminary examinations in criminal cases). Subpoenas are not "a means of discovery for criminal cases," and, as always, they must be limited to relevant, admissible, and specific information. *United States v. Nixon*, 418 U.S. 683, 698-99 (1974); *see also United States v. Komisaruk*, 885 F.2d 490, 494-95 (9th Cir. 1989) (courts may quash subpoenas if the information sought would be immaterial, unreasonable, oppressive, or irrelevant).

**F.      Disclosures Required Incident to Preliminary Hearings**

Disclosure is a natural, but collateral, effect of any preliminary hearing. A preliminary hearing "does not include discovery for the sake of discovery." *Coleman*, 477 F.2d at 1199–200; *see also Robbins v. United States*, 476 F.2d 26, 32 (10th Cir. 1973) ("[A] preliminary hearing is not designed for the purpose of affording discovery for an accused."); *United States v. Begaye*, 236 F.R.D. 448, 454 (D. Ariz. 2006) ("[T]he rules of discovery found in Rule 16, Federal Rules of Criminal Procedure, are not applicable to preliminary hearings."). Rather, Rule 5.1 directs the parties to make certain limited disclosures. Specifically, the parties are required to produce the statements of the witnesses whom they call to testify at the preliminary hearing. Fed. R. Crim. P. 5.1(h), 26.2.

Statements must be produced only if they "relate[] to the subject matter of the witness's testimony" and also fall into one of the following categories:

(1)      a written statement that the witness makes and signs, or otherwise adopts or approves;

(2)      a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of a recording; or

Preliminary Hearing Brief - 6
*United States v. Gabelein,* MJ25-5301-DWC

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

(3)    the witness's statement to a grand jury, however taken or recorded, or a transcription of such a statement.

Fed. R. Crim. P. 26.2(f). As to the first category, a report or notes on a witness interview cannot be adopted by the witness unless the witness read them or heard them read back. *Goldberg v. United States*, 425 U.S. 94, 110 n.19 (1976); *United States v. Traylor*, 656 F.2d 1326, 1336 (9th Cir. 1981). As to the second category, records only qualify if they "reflect the witness'[s] own words" and constitute a "complete recital." *United States v. Bobadilla-Lopez*, 954 F.2d 519, 522 (9th Cir. 1992). Thus, Rule 26.2 generally does not require disclosure of interview reports unless the report author is a testifying witness and testifies about the interview. *See United States v. Moore*, 651 F.3d 30, 75 (D.C. Cir. 2011). If material does qualify as a witness statement, it must be turned over "[a]fter a witness . . . has testified on direct examination." Fed. R. Crim. P. 26.2(a); *see United States v. Mills*, 641 F.2d 785, 789-90 (9th Cir. 1981) (holding that "no statement of a government witness is discoverable until the witness has testified on direct examination").

## IV.    CONCLUSION

The foregoing provides an overview of legal issues relating to preliminary hearings. Should any issue arise that has not been covered in this brief, the government respectfully requests leave to submit such further memoranda as may be necessary.

Respectfully submitted,

TEAL LUTHY MILLER
Acting United States Attorney

 */s/ Max B. Shiner*
MAX B. SHINER
Assistant United States Attorney
120 Pacific Ave., Suite 700
Tacoma, WA 98402
Telephone:    (253) 428-3822
E-mail:        max.shiner@usdoj.gov

Preliminary Hearing Brief - 7
*United States v. Gabelein,* MJ25-5301-DWC

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800